### DRAKE *vs.* STATE.

MURDLE, FROM UPSON. Criminal Law. Constitutional Law. Witness. Evidence. Murder. (Before Judge Stewart.)

Blandford, J.—1. The evidence established the guilt of the accused beyond a reasonable doubt.

2. Article 1, section 1, paragraph 6, of the Constitution, (Code, §4998) which declares that no person shall be compelled to give testimony, tending in any manner to criminate himself, means that where a person is sworn as a witness in a case, he shall not be compelled to

testify to facts that may tend to criminate him. It does not prevent the introduction in evidence, or the exhibition to the jury of clothing or any other article taken from a person accused of crime, where they tend to show his guilt.

3. Where the evidence showed that the wife of the accused was murdered; that the accused was seen leaving the house by jumping from a window; that upon smelling the odor of burning clothes the house was burst open and the deceased was found lying in the fire, badly burned, with her head mashed in, her skull broken and her throat cut, that a pair of bloody pantaloons, lying close by, were identified as those worn by the accused on the previous night; that other articles of apparel taken from the accused had blood upon them; that an axe and knife, having blood upon them, and which belonged to the accused were found; and that the accused confessed to having gone up behind the deceased, struck her on the head with an axe,, and cut her throat with a knife, there was no error in rejecting testimony offered to show that the deceased had a violent temper.

(a) This case differs from that of Monroe *vs.* State, 5 Ga., 137.

Judgment affirmed.

A. M. Spear; J. A. Cotten; J. T. Tisinger; J. Y. Allen, for plaintiff in error.

Clifford Anderson, Attorney-General; Emmett Womack, Solicitor-General; M. H. Sandwich, for the State.